Joseph E. Mais (#005470)
Lindsey M. Huang (#034544)
Austin C. Yost (#034602)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
JMais@perkinscoie.com
LHuang@perkinscoie.com
AYost@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiff Dustin Micheal Woods*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Micheal Woods,<br><br>            Plaintiff,<br><br>    v.<br><br>Jason Scissons,<br><br>            Defendant. | No. CV-17-08038-PCT-GMS (BSB)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE # 1 (BAR EVIDENCE THAT WOODS WAS DIAGNOSED WITH A THORACIC COMPRESSION FRACTURE ON JUNE 25, 2016)** |

Here we go again. On April 10, 2019, the parties conferred with the Court to discuss, among other things, the admissibility of Plaintiff's June 25, 2016 emergency room medical records.[1] [Dkt. 51]. During that conference, this Court ruled that Plaintiff's medical records "are regularly kept business records and will be admitted into evidence." *Id.* Now, Defendant argues yet again (at 1) that those emergency room medical records that reflect a diagnosis of a thoracic compression fracture are inadmissible because they supposedly "lack[] foundation" and "lack[] trustworthiness." Defendant is wrong. Again.

In addition to wholly ignoring the Court's prior ruling on this exact issue, Defendant misrepresents the contents of Plaintiff's emergency room medical records—in fact, Defendant's own exhibits support the fact that Plaintiff was diagnosed with a thoracic compression fracture on June 25, 2016. Because the emergency room medical records are admissible under the business records exception to the general bar on hearsay, this Court should (again) rule that Plaintiff's June 25, 2016 emergency room medical records are admissible and reject Defendant's naked attempt to take a second bite at the same apple.

**I.    Plaintiff's emergency room medical records are regularly kept business records and are therefore admissible.**

Federal Rule of Evidence 803(6) provides that a "record of an act, event, condition, opinion, or *diagnosis*" is admissible when five conditions are present. (emphasis added) Defendant does not contest (because he cannot contest) that the first four conditions are satisfied with respect to Plaintiff's June 25, 2016 medical records. He confusingly argues (at 1–3), however, that the thoracic compression fracture diagnosis (and no other part of the medical records or other diagnoses in the medical records) "lacks trustworthiness." That diagnosis lacks trustworthiness, says Defendant (at 2), because the medical records "show that there was no diagnosis of a thoracic compression fracture made by a doctor."

Defendant's own exhibits belie his statement. Exhibit 3 (WOODS000352), for

---

[1] Plaintiff alleges that Defendant intentionally struck his back while he was handcuffed and lying face down on the ground after Defendant lawfully arrested him on June 25, 2016. It is undisputed that an ambulance transported Plaintiff from the parking lot where he was arrested to the emergency room at Yavapai Regional Medical Center ("YRMC"). The YRMC medical records are therefore highly relevant to Plaintiff's claim.

instance, provides: "Associated Diagnoses: Acute back pain; Thoracic compression fracture; Ear puncture wound; Puncture Wound of Neck; Puncture wound of back." Immediately following those diagnoses is: "Author: Shuter DO, Andrew C," who was the emergency room physician who saw Plaintiff on June 25, 2016. And so on.[2] Defendant has failed to show that the thoracic compression fracture diagnosis (or any other diagnosis or portion of the medical records) is untrustworthy.[3] The Court should therefore confirm its ruling that the medical records are admissible under the business records exception. *See, e.g.*, *Doali-Miller v. SuperValu, Inc.*, 855 F. Supp. 2d 510, 515–18 (D. Md. 2012) (permitting a party to introduce a doctor's report under the business records exception).

**II.     Whether Plaintiff's thoracic compression fracture was caused by Defendant's alleged strikes to Plaintiff's back is a jury question.**

Defendant's skeletal argument (at 3), which he cites no legal authority whatsoever to support, that this Court should prevent Plaintiff from testifying or arguing that Plaintiff's thoracic compression fracture was "caused" by Defendant's alleged post-arrest intentional strikes to Plaintiff's back falls flat. Plaintiff does not intend on arguing that his June 25, 2016 thoracic compression fracture was definitively caused by Defendant's alleged strikes to Plaintiff's back, but based upon Defendant's police report and testimony, Plaintiff's allegations, and the emergency room medical records, this is a jury question in any event.[4]

Defendant's police report indicates that, during his lawful arrest of Plaintiff, he only struck Plaintiff in the "side" of Plaintiff's body. [Yost Decl., Ex. A (Scissons Police Report) at 3]. Consistent with his police report, Defendant testified that, during his lawful arrest of

---

[2] Exhibit 3 (WOODS000355) also states, "Impression and Plan," and then lists these exact same diagnoses again: "Acute back pain, Thoracic compression fracture, Ear puncture wound, Puncture Wound Of Neck, Puncture wound of back." And immediately following those diagnoses, again, (at WOODS000356) is an electronic signature from Andrew C. Shuter, the emergency room physician. Not surprisingly, then, Exhibit 4 (WOODS000481), the Clinical Discharge Summary, reports exactly the same diagnoses that were reported multiple times in Exhibit 3: "DIAGNOSIS: Acute back pain; Ear puncture wound; Puncture Wound Of Neck; Puncture wound of back; Thoracic compression fracture."

[3] Defendant's bizarre suggestion (at 3) that the medical records "have a typographical omission" because they do not say "possible" thoracic compression fracture is speculative, baseless, and contradicted by the signed medical records themselves.

[4] Like Plaintiff, Defendant has also declined to procure a medical expert to opine on causation in this case.

Plaintiff, he only struck Plaintiff in the "sides" of Plaintiff's body. [Yost Decl., Ex. B (Scissons Dep.) at 68:13–20, 69:11–15]. Plaintiff alleges that Defendant struck his back after Plaintiff was handcuffed and lying on the ground. Defendant denies those allegations.

The emergency room medical records support Plaintiff's allegations because they reflect diagnoses of "acute back pain" and "thoracic compression fracture." Whether those injuries were caused by Defendant's alleged use of force is a jury question. The Seventh Circuit's recent *Hendrickson* decision in an analogous § 1983 case is especially instructive:

> We also disagree with [the defendant's] suggestion that [the plaintiff] had to support his claims of increased back pain with expert medical evidence. No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations. . . . Here, the cause of [the plaintiff's] pain was perfectly clear: [the defendant] beat him. Had [the plaintiff] claimed that [the defendant] never touched him but merely denied him access to medical care for several days, and that this delay in treatment exacerbated his back problems, we might require [the plaintiff] to support his theory of causation with some objective medical evidence. . . . This case presents no such complicated question of medical causation. [The plaintiff] testified that [the defendant] beat him up and that it hurt really bad. The jury believed him. No further proof was required for the jury to find [the defendant] liable for violating [the plaintiff's] Eighth Amendment rights.

*Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009).[5] This Court should thus rule that causation in this case is a jury question and deny Defendant's motion in limine in full.

---

[5] *See also Williams v. Raimo*, No. 9:10-cv-245 (MAD/GHL), 2012 WL 4911722, at *1–3 (N.D.N.Y. Oct. 15, 2012) (denying a defendant's motion in limine to preclude the plaintiff from offering causation evidence in a § 1983 excessive force case because "expert medical testimony [was] not necessary for him to establish a causal connection between the pain he allegedly experienced and [the defendants'] alleged use of force"; rather, the "injuries of which [the plaintiff] complain[ed] [were] within the jury's common experiences and observations"); *Brown ex rel. Walker v. Irvin*, No. 08 CV 2637, 2011 WL 3876852, at *3 (N.D. Ill. Aug. 30, 2011) ("[The plaintiff] testified during his deposition that [the defendant] hit him with a close fist multiple times including to the chest and stomach, grabbed him by the neck, threw him down a flight of stairs, and that his head slammed into a wall. Jurors' common experiences and observations would allow them to conclude that any headaches, heart palpitations, and post-traumatic stress disorder that followed such an attack could have been caused by the attack."); *Coleman v. Semona*, No. 1:09-cv-0734-DML-LJM, 2011 WL 1740302, at *2 (S.D. Ind. May 5, 2011) (observing that "expert medical testimony on causation is *not* always required in excessive force cases" and noting that the defendants there, like Defendant here, "do not discuss the physical or psychological injuries for which [the plaintiff] is seeking relief, explain why expert medical testimony necessarily would be required here to establish a link between the defendants' conduct and whatever injuries [the plaintiff] claims, or attempt to negate themselves with expert medical testimony any causation between their alleged conduct and [the plaintiff's] injuries").

Dated:  June 3, 2019         **PERKINS COIE LLP**

By: *s/ Austin C. Yost*
    Joseph E. Mais (#005470)
    Lindsey M. Huang (#034544)
    Austin C. Yost (#034602)
    2901 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788

Attorneys for Plaintiff Dustin Micheal Woods

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Larry Jay Crown (*LCrown@tbl-law.com*)

Elan Shai Mizrahi (*elan@tbl-law.com*)

*s/ Clair H. Wendt*

144524445.1